UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MANDEL BIDONE | No. 3:23-cr-111 (SRU) |

## ORDER ON MOTION TO DISMISS INDICTMENT

The defendant in this case, Mandel Bidone, is charged with one count of mailing an extortionate communication, in violation of 18 U.S.C. § 876(b). *See* Indictment, Doc. No. 19. Specifically, the indictment alleges that, on March 22, 2023, Bidone sent a handwritten civil complaint to "Clerks Office, U.S. District Court," stating that "if the District Court dismisses this case or looses [sic] any one of the pages of this complaint, Mandel Bidone will purchase an illegal firearm and discharge it on Yale's campus aiming for the students and staff until he is gunned down." *Id.* Jury selection is set for August 4th, 2025, with trial to begin August 12th, 2025. On July 3rd, 2025, Bidone filed the instant motion to dismiss the indictment against him pursuant to Federal Rule of Criminal Procedure 12(b)(1). *See* Mot. to Dismiss, Doc. No. 149. Bidone argues that the indictment should be dismissed because it fails to sufficiently allege an essential element of the charged offense: that Bidone intended to extort a natural person. *Id.*

**I.   Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) permits a defendant to file pretrial motions raising "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *United States v. Sampson*, 898 F.3d 270, 278-79 (2d Cir. 2018). Rule 12(b)(3) sets forth various defenses and objections that "must be raised by pretrial

motion." Those defenses include "defect[s] in the indictment," such as "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "In ruling on a motion to dismiss, a court views the indictment as a whole and assumes its factual allegations to be true." *United States v. Litvak*, 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013).

## II.     Discussion

Bidone moves to dismiss the indictment against him on the grounds that it fails to allege that he intended to extort a "person," an essential element of the charged offense. The statute he is charged with violating, section 876(b) of title 18, reads:

> Whoever, with intent to extort from *any person* any money or other thing of value, so deposits, or causes to be delivered, as aforesaid, any communication containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 876(b) (emphasis added). Relying primarily on out-of-circuit caselaw, Bidone argues that the term "person," as used in section 876, refers only to natural persons and not to corporate or governmental institutions. He argues that the indictment—which charges Bidone with mailing a letter addressed to "Clerks Office, U.S. District Court" containing a threat directed to "the District Court," *see* doc. no. 19—fails as a matter of law to allege an essential element of offense because the alleged threat was directed at an institution and not a natural person. *See* Mot. to Dismiss, Doc. No. 149.

The government opposes the motion, relying heavily on *United States v. Davila*, 461 F.3d 298 (2d Cir. 2006), for the proposition that Bidone's communication was addressed to a "person" for purposes of section 876. As far as I am aware, *Davila* is the only Second Circuit case to have considered the meaning of the term "person" in section 876. In that case the indictment alleged that the defendant mailed a threatening letter to the "Connecticut State's Attorney's Office." The Second Circuit held, on plain error review, that a reasonable jury could have concluded that the

2

defendant mailed a threatening communication to a "person" because "the Connecticut State's Attorney is a person, and the words 'Connecticut State's Attorney's Office' are reasonably understood to indicate that person's office." *Id.* at 308. In so holding, the Court avoided defining the term "person" for purposes of section 876, noting that "[i]n this circuit, there is no binding precedent as to whether an institution qualifies as a 'person' under section 876, and courts elsewhere are split on the issue." *Id.* The government's theory is that here, like in *Davila*, the allegedly threatening letter referenced in the indictment was directed at the natural person who is the head of the institution to which it was addressed. *See* Opp'n, Doc. No. 150, at 4 ("Here, the 'Clerk's Office' is a clear and unequivocal reference to the Clerk of Court, Dinah Milton Kinney, a natural person. . . ."). But this case is distinguishable from *Davila* for a couple of important reasons.

First, the facts are materially different. Bidone is charged with mailing a threatening communication addressed to "Clerks Office, U.S. District Court." Indictment, Doc. No. 19. Despite the Clerk of Court being an identifiable, natural person in the same way the Connecticut State's Attorney is, here the communication was not a letter addressed or directed to her, but a filing styled as a civil complaint. As a *pro se* plaintiff, Bidone's only means of initiating a civil case was to mail a complaint to the Clerk's Office. Moreover, the alleged threat contained within Bidone's complaint was directed to the "District Court," threatening violence if the Court dismissed Bidone's case or lost any pages of his complaint. *Id.* The Clerk of Court has no power to decide whether a civil case is dismissed, only a District Judge does. Therefore, it is quite unlikely that, though sent to the "Clerk[']s Office," the threatening communication was directed at the Clerk of Court, Dinah Milton Kinney. The government's theory that the communication

3

was a "letter to Ms. Kinney" addressed "using the title of her office, as opposed to her legal name," much like the letter in *Davila*, is therefore unconvincing. Opp'n, Doc. No. 150, at 4.

Second, the Second Circuit in *Davila* interpreted the meaning of the phrase "addressed to any other person," which appears in a separate subsection of section 876 not charged in this case. In *Davila*, the defendant was charged with violating section 876(c), which prohibits mailing "any communication . . . *addressed to any other person* and containing . . . any threat to injure the person of the addressee or of another[.]" 18 U.S.C. § 876(c) (emphasis added). Here, Bidone is charged with violating section 876(b), which prohibits mailing a threatening communication with extortionate intent, and carries a higher maximum penalty than section 876(c). *See* Indictment, Doc. No. 19. Section 876(b) does not contain the phrase "addressed to any other person." It prohibits mailing any threatening communication "with intent to extort *from any person* any money or other thing of value." 18 U.S.C. § 876(b) (emphasis added). In order to determine whether the indictment in *Davila* sufficiently alleged that the defendant's letter was "addressed to any other person" in violation of section 876(c), the Second Circuit understandably focused on the address line of the envelope to determine whether the defendant's letter was sent to a specific individual. *Davila,* 461 F.3d at 307-09. Other out-of-circuit cases the parties cite engage in similar analyses, looking to the envelopes and salutation lines of threatening letters to determine whether they were "addressed to" a "person" for purposes of various subsections of section 876. *See, e.g., United States v. Havelock,* 664 F.3d 1284 (9th Cir. 2012) (holding that, for purposes of section 876(c), a letter must be addressed to a natural person); *United States v. Williams*, 376 F.3d 1048 (10th Cir. 2004) (holding that a letter addressed to a government official, who is a natural person, is "addressed to a person" within the meaning of section 876).

4

In this case, the addressee listed on the envelope may be relevant, but is not determinative of the pertinent question: whether, under section 876(b), Bidone acted with intent to extort any "person."[1] For purposes of determining the meaning of "person" in section 876(b), therefore, the precedential value of *Davila* is somewhat limited. Moreover, as noted previously, *Davila* merely decided on plain error review that a reasonable jury could have concluded that the letter at issue in that case was addressed to a natural person, side-stepping the question of whether an institution can qualify as a "person" under section 876. *See Davila*, 461 F.3d at 308 ("In this circuit, there is no binding precedent as to whether an institution qualifies as a 'person' under section 876."). That remains a question of first impression in this Circuit. As the parties acknowledge, the out-of-circuit decisions that have interpreted the meaning of "person" in section 876(b) have come to inconsistent conclusions. *Compare United States v. Carlson*, 787 F.3d 939, 947 (8th Cir. 2015) ("We conclude that 18 U.S.C. § 876 requires the intent to extort from a natural person"); *with United States v. Bly,* 510 F.3d 453, 461 (4th Cir. 2007) (holding that "person" in section 876(b) "does not refer solely to living persons" and instead encompasses corporations and government institutions).

In the absence of binding authority, however, I am persuaded by the weight of out-of-circuit authority that the meaning of "person," used throughout section 876, refers only to natural persons. The majority of the circuits that have weighed in on the issue, with the exception only

---

[1] I note that the government intends to introduce as evidence at trial letters Bidone allegedly sent to the New Haven Police Department, New Haven City Hall, and News 8 repeating the same threat identified in the indictment. *See* Proposed Exhibit List, Doc. No. 140. The government did not charge Bidone with mailing those threatening communications in violation of section 876(c), perhaps because it would then have had to prove that those letters were "addressed to" a "person." *C.f. Havelock*, 664 F.3d at 1296 (reversing defendant's convictions under section 876(c) because defendant was charged with mailing letters addressed to newspapers and websites, which no reasonable jury could have concluded were addressed to any individual "person.").

of the Fourth Circuit, have concluded that "person" means only "natural person." *See* Mot. to Dismiss, Doc. No. 149, at 3 (collecting cases). I find particularly convincing the reasoning of *Havelock*, in which the Ninth Circuit concludes that the phrase "addressed to any other person" in section 876(c) refers only to natural persons by looking to the purpose of the statute as well as the grammatical usage of "person" in various instances throughout the statute. 664 F.3d at 1291-92; *see also* Mot. to Dismiss, Doc. No. 149, at 3-4 (describing the reasoning of *Havelock*). As that decision also points out, the presumption of uniformity counsels that a term should be interpreted consistently throughout a statute. *Havelock*, 664 F.3d at 1291 (citing *Brown v. Gardner*, 513 U.S. 115, 118 (1994)).

The government seemingly does not disagree that "person" means only "natural person" throughout section 876, discussing the Ninth Circuit's more recent decision in *United States v. Bachmeier*, 8 F.4th 1059 (9th Cir. 2021), and stating that "the Ninth Circuit joined many others in holding that communications addressed to entities, corporations, institutions, or even buildings that are reasonably associated with natural persons, whether by name or by position, meet this 'natural person' requirement sufficient for a defendant to be liable under § 876(c)." Opp'n, Doc. No. 150, at 7 (collecting cases). I therefore conclude that the Second Circuit would most likely hold that an essential element of section 876(b) is that the defendant intended to extort a natural person.

The parties ultimately seem to disagree not about whether section 876(b) requires intent to extort a natural person, but rather about whether the indictment does or does not, as a matter of law, sufficiently allege that element of the charged crime. *See* Mot. to Dismiss, Doc. No. 149, at 5 ("[U]nder the facts alleged by the government, Mr. Bidone's complaint was addressed to an institution."); Opp'n, Doc. No. 150, at 6 (Arguing that Bidone's communication *was* "addressed

6

to a natural person—namely, the Clerk of Court, Ms. Kinney—by referencing her official title and office name."). Despite the government overstating the precedential value of *Davila*, as described above and as Bidone points out in his reply, *see* doc. no. 153, at 2, *Davila* does, at least to some extent, suggest that a reasonable jury could find that a threatening communication addressed (literally) to a government agency may be directed at an associated natural person. *Davila*, 461 F.3d at 308; *see also Bachmeier*, 8 F.4th at 1063 (holding that a rational jury could conclude that a letter addressed to "Kenai Court House" was "addressed to a natural person" because "[t]he request spoke to the person responsible for deciding whether to dismiss [the defendant's case] . . . [a]nd [] that request had to be resolved by a natural person."). The indictment in this case, therefore, sufficiently alleges that the complaint was addressed to a natural person.

    Whether Bidone sent the allegedly threatening communication with intent to extort a natural person, however, is ultimately a question for the jury.[2] *See United States v. Gaudin,* 515 U.S. 506, 510-11 (1995) (Fifth and Sixth Amendments "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."); *United States v. Carlson*, 787 F.3d 939 (8th Cir. 2015) ("We conclude that 18 U.S.C. § 876 requires the intent to extort from a natural person, a fact which must be determined by a jury in order to reach a conviction."). At trial, the jury will be instructed accordingly.

    For the reasons described above, the defendant's motion to dismiss, doc. no. 149, is **denied**.

---

[2] The intent element of subsection (b), of course, requires not only a determination that the communication was sent to a natural person, but also that the communication was sent for the purpose of extorting a thing of value from a natural person. The indictment is silent concerning what thing of value the government alleges Bidone sought to extort from Ms. Milton-Kinney.

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of July 2025.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge